IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NABORS DRILLING TECHNOLOGIES USA, INC., <br><br>     Plaintiff, <br><br> vs. <br><br> HELMERICH & PAYNE INT'L. DRILLING CO.; HELMERICH & PAYNE TECHNOLOGIES, LLC; AND MOTIVE DRILLING TECHNOLGIES, INC. <br><br>     Defendants. | Civil Action No. _____ |

## ORIGINAL COMPLAINT

Plaintiff Nabors Drilling Technologies USA, Inc. ("Nabors") brings this Complaint against Defendants Helmerich & Payne International Drilling Company ("H&P IDC"), Helmerich & Payne Technologies, LLC ("H&P Tech."), and Motive Drilling Technologies, Inc. ("Motive") (collectively "Defendants") for patent infringement.  In support, Nabors shows as follows:

## THE PARTIES

1.      Plaintiff Nabors is a Delaware corporation and maintains a principal place of business at 515 West Greens Road, Houston, Texas 77067.

2.      Nabors is informed and believes, and on that basis alleges, that defendant H&P IDC is a wholly owned subsidiary of Helmerich & Payne, Inc. and is a Delaware Corporation having a regular and established place of business in this district located at 6750 Corporation Parkway #A, Fort Worth, Texas 76126.  H&P IDC may be served with process through its registered agent Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

3.      Nabors is informed and believes, and on that basis alleges, that defendant H&P Tech. is a wholly owned subsidiary of Helmerich & Payne, Inc. and is a Delaware limited liability company having a regular and established place of business in this district located at 1807 Ross Avenue, Dallas, Texas 75201.  H&P Tech. may be served with process through its registered agent Corporation Service Company at 251 Little Falls Drive, Wilmington, DE 79808.

4.      Nabors is informed and believes, and on that basis alleges, that defendant Motive is a wholly owned subsidiary of H&P Tech and is a Delaware corporation and maintains a principal place of business in this district located at 1807 Ross Avenue, Dallas, Texas 75201, and maintains this location as its corporate headquarters and its regular and established place of business.  Motive may be served with process through its registered agent Corporation Service Company D/B/A CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*

6.      This Court has personal jurisdiction over Defendants.  On information and belief, one or more of Defendants has a regular and established place of business in this district and regularly practices, sells (either directly or indirectly), markets, and supports its products and services within this judicial district.  Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute due to their substantial and pervasive business in this State and judicial district, including: (i) at least part of their infringing activities alleged herein; and (ii) regularly doing or soliciting business, engaging

in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

7.     Venue is proper in this federal district pursuant to 28 U.S.C. § 1400(b) because Defendants have committed acts of patent infringement here and have regular and established places of business in this District.

## FACTUAL BACKGROUND

8.     Nabors owns and operates one of the world's largest land-based drilling rig fleets and is a provider of offshore platform rigs in the United States and numerous international markets. Nabors also provides innovative drilling technology, directional drilling operations, and drilling instrumentation and software.

9.     Nabors developed and patented improved methods for computerized drilling control and rotary steerable systems.

10.     On September 28, 2010, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,802,634 ("the '634 Patent"), entitled "Integrated Quill Position and Toolface Orientation Display."  The '634 Patent is attached as Exhibit 1.

11.     On November 2, 2010, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,823,655 ("the '655 Patent"), entitled "Directional Drilling Control."  The '655 Patent is attached as Exhibit 2.

12.     On December 28, 2010, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,860,593 ("the '593 Patent"), entitled "Well Prog Execution Facilitation System and Method."  The '593 Patent is attached as Exhibit 3.

13.     On May 10, 2011, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,938,197 ("the '197 Patent"), entitled "Automated MSE-Based Drilling Apparatus and Methods."  The '197 Patent is attached as Exhibit 4.

14.     On January 29, 2013, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,360,171 ("the '171 Patent"), entitled "Directional Drilling Control Apparatus and Methods."  The '171 Patent is attached as Exhibit 5.

15.     On August 13, 2013, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,510,081 ("the '081 Patent"), entitled "Drilling Scorecard."  The '081 Patent is attached as Exhibit 6.

16.     On September 10, 2013, the United States Patent and Trademark Office duly and legally issued United States Patent No. 8,528,663 ("the '663 Patent"), entitled "Apparatus and Methods for Guiding Toolface Orientation."  The '663 Patent is attached as Exhibit 7.

17.     On June 2, 2020, the United States Patent and Trademark Office duly and legally issued United States Patent No. 10,672,154 ("the '154 Patent"), entitled "3D Toolface Wellbore Steering Visualization."  The '154 Patent is attached as Exhibit 8.

18.     The '634 Patent, '655 Patent, '593 Patent, '197 Patent, '171 Patent, '081 Patent, '663 Patent, and '154 Patent (Exhibits 1-8) are hereinafter collectively referred to as the "Nabors Patents."

19.     Nabors owns the Nabors Patents by assignment and merger.  The Nabors Patents (Ex. 1-8) were assigned (35 U.S.C. § 261) to Canrig Drilling Technology Ltd.  Canrig Drilling Technology Ltd. then merged with Nabors Drilling Technologies USA, Inc., effective on July 1, 2017.  The assignment and merger documents were recorded (37 C.F.R. § 3.11) with the United States Patent and Trademark Office's Patent Assignment Section's Register on August 18, 2017,

and are publicly accessible at Reel: 043601; Frames: 0745-0752; *see* Previous Assignments: '634 Patent (Ex. 1) – Reel: 022291, Frame: 0591; Reel: 0248, Frame: 0218; Reel: 031437, Frame: 0234; '655 Patent (Ex. 2) - Reel: 020096, Frame: 0068; Reel: 023622, Frame: 0310; Reel: 024823, Frame: 0218; Reel: 031437, Frame: 0234; '655 Patent (Ex. 3) – Reel: 020096, Frame: 0068; Reel: 023622, Frame: 0310; Reel: 024823, Frame: 0218; Reel: 031437, Frame: 0234;  '197 Patent (Ex. 4) - Reel: 020692, Frame: 0010; Reel: 024823, Frame: 0218; '171 Patent (Ex. 5) - Reel: 025243, Frame: 0596; '081 Patent (Ex. 6) – Reel: 022616, Frame: 0141; Reel 024823, Frame: 0218; Reel: 030202; Frame: 0108;  '663 Patent (Ex. 7) - Reel: 025133, Frame: 0095; '154 Patent (Ex. 8) - Reel: 037810; Frame 0436; Reel 043348, Frame 0091.

20.     The Nabors' Patents are valid, enforceable, and were duly issued in full compliance with Title 35 of the United States Code.

21.     Nabors practices the patented methods covered by the method claims of the Nabors Patents, including Nabors (1) SmartNAV$^{TM}$ (previously Navigator$^{TM}$) navigation software, (2) SmartCRUISE$^{TM}$ (previously DrillSmart®) automatic driller, and (3) SmartSLIDE$^{TM}$ (previously ROCKit® Pilot) systems.  Nabors uses these systems to perform the claimed methods for its customers – well owners and operators.

22.     The Nabors Patents are available on the Internet through various online resources such as Google Patents and the U.S. Patent Office website.

23.     In November 2017, Richmond Todd Fox, then-current Nabors' Vice President, U.S. Southern Region, Global Drilling Operations, left Nabors and began working for one or more of the Defendants.

24.     On information and belief, Mr. Fox was aware and/or should have been aware of the Nabors Patents and Nabors' patented (1) SmartNAV$^{TM}$ (previously Navigator$^{TM}$) navigation

software, (2) SmartCRUISE™ (previously DrillSmart®) automatic driller and (3) SmartSLIDE™ (previously ROCKit® Pilot) autonomous steering system, (collectively "Nabors Patented Systems").

25.     In December 2017, Mr. Fox became the Director of Global Accounts for H&P IDC.

26.     After Mr. Fox joined one or more of the Defendants, Defendants developed the accused infringing AutoSlide™ system.

27.     For comparison purposes, Nabors Patented Systems are compared to Defendants' Infringing Systems, as shown below:



6



U.S. Patent No. 10,672,154 - FIG. 4

## CAUSES OF ACTION:
## PATENT INFRINGEMENT (35 U.S.C. § 271)

28.     Nabors incorporates the preceding paragraphs by reference.

29.     On information and belief and pursuant to 35 U.S.C. § 271(a), Defendants have directly infringed and continue to directly infringe at least one method claim of each of the Nabors Patents, by their performance of patented methods claimed by the Nabors Patents' method claims.

30.     Defendants' infringing methods include, without limitation, methods of utilizing defendants' drilling software systems - including the Motive® Bit Guidance System, AutoSlide$^{SM}$ System, and FlexApps$^{TM}$, including the FlexDrill 1.0$^{TM}$ and FlexOscillator 2.0$^{TM}$ (collectively "Infringing Methods").

31.     On information and belief, Defendants had actual knowledge of one or more of the Nabors Patents prior to using the Infringing Methods and knew that the use of these systems constituted infringement of the Nabors Patents.  Alternatively, Defendants believed there was a high probability that a direct or indirect customer who used the Infringing Methods would infringe the Nabors Patents but remained willfully blind to the infringing nature of such action.

32.     On information and belief, Defendants indirectly infringed at least one method claim of each of the Nabors Patents by active inducement under 35 U.S.C. § 271(b) and/or § 271(f). Defendants induced, caused, urged, encouraged, aided, and abetted their direct and indirect

7

customers to use the Infringing Methods.  Defendants did so by acts including, but not limited to, performing the Infringing Methods for their domestic and foreign customers, marketing the Infringing Methods, and providing instructions, technical support, and other support and encouragement for the use of Infringing Methods.  Such conduct was intended to and actually resulted in direct infringement, including using, selling and offering for sale the Infringing Methods in the United States.

33.     On information and belief, Defendants indirectly infringed by contributing to the infringement of, and continuing to contribute to the infringement of, at least one method claim of each of the Nabors Patents under 35 U.S.C. § 271(c) and/or 271(f) by using, selling, offering for sale the Infringing Methods and/or components for performing the Infringing Methods. Defendants knew that the Infringing Methods include hardware and software components that work to perform specific, intended functions.  Such specific, intended functions, carried out by the Infringing Methods or the hardware and software combinations, are a material part of the inventions of the Nabors Patents, and are not staple articles of commerce suitable for substantial non-infringing use.

34.     Prior to the filing of this Complaint, Defendants knew or should have known that they infringed the Nabors Patents.  Mr. Fox was aware or should have been aware of the Nabors Patented Systems and knew or reasonably should have known based on Nabors' efforts to protect its intellectual property that the Nabors Patented Systems are covered by the Nabors Patents.

35.     Defendants have known about the Nabors Patents for years.  Some of Defendants' patent applications were rejected in light of the Nabors Patents.  In other patent applications by Defendants, Nabors' Patents were cited as prior art.

36.     Despite such knowledge, Defendants proceeded to infringe the Nabors Patents with full and complete knowledge that they cover the Infringing Methods, without a good faith belief that the Nabors Patents are not infringed.  Defendants' actions constitute an egregious case of misconduct beyond typical infringement.  Thus, Defendants' infringement of the Nabors Patents is willful and deliberate, entitling Nabors to increased damages under 35 U.S.C. § 284 and, 35 U.S.C. § 285, as well as attorneys' fees and costs incurred in prosecuting this action.

37.     The acts of infringement by Defendants have caused damage to Nabors.  Nabors is entitled to recover from Defendants the damages sustained by Nabors as a result of Defendants' wrongful acts in an amount subject to proof at trial.  The ongoing infringement of Nabors' exclusive rights under the Nabors Patents by Defendants has damaged and will continue to damage Nabors, causing irreparable harm for which there is no adequate remedy at law.  Defendants should be enjoined by this Court from committing further acts of infringement.

## DEMAND FOR JURY TRIAL

38.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the U.S. Constitution, Nabors demands a trial by jury of any and all issues triable of right before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Nabors prays for the following relief:

a.     A judgment that Defendants have infringed and are infringing, either literally and/or under the doctrine of equivalents, one or more of the Nabors Patents;

b.     An Order preliminarily enjoining Defendants, their respective officers, directors, agents, employees, licensees, and those acting in privity with them, from further direct and/or indirect infringement of the Nabors Patents;

9

c.      An Order permanently enjoining Defendants, their respective officers, directors, agents, employees, licensees, and those acting in privity with them, from further direct and/or indirect infringement of the Nabors Patents;

d.      A judgment that Defendants' infringement of the Nabors Patents has been egregious and willful;

e.      An award of damages to Nabors arising out of Defendants' infringement of the Nabors Patents, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed, and enhanced damages pursuant to 35 U.S.C. § 284, together with prejudgment and post-judgment interest, in an amount according to proof;

f.      An award of damages for Defendants' post-judgment infringement in an amount according to proof;

g.      An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

h.      An award to Nabors of its litigation costs; and

i.      Any further relief to Nabors that the court deems just and proper.

Date:   October 14, 2020                    Respectfully submitted,

                                            RALEY & BOWICK, LLP

                                            */s/ John W. Raley*
                                            JOHN W. RALEY
                                            ROBERT M. BOWICK
                                            RALEY & BOWICK, LLP
                                            1800 Augusta Drive, Suite 300
                                            Houston, TX 77057
                                            713-429-8050 (telephone)
                                            713-429-8045 (facsimile)
                                            Email: jraley@raleybowick.com

rbowick@raleybowick.com

**ATTORNEYS FOR PLAINTIFF**
**NABORS DRILLING TECHNOLOGIES**
**USA, INC.**