**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| NABORS DRILLING TECHNOLOGIES USA, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>HELMERICH & PAYNE INT'L. DRILLING CO.; HELMERICH & PAYNE TECHNOLOGIES, LLC; AND MOTIVE DRILLING TECHNOLOGIES, INC.<br><br>Defendants. | Civil Action No. 3:20-cv-03126-M |

**PLAINTIFF NABORS DRILLING TECHNOLOGIES USA, INC'S OPPOSED MOTION FOR LEAVE TO AMEND ITS PRELIMINARY INVALIDITY CONTENTIONS BASED ON THE COURT'S CLAIM CONSTRUCTION ORDERS**

# TABLE OF CONTENTS


TABLE OF CONTENTS ........ ii

TABLE OF AUTHORITIES ........ iii

I. INTRODUCTION ........ 1

II. BACKGROUND FACTS ........ 2

A. This Court's claim construction order found the term "*optimized*" to be Indefinite ........ 2

B. This Court's previous indefiniteness holding under 35 U.S.C. § 112, ¶2 equally applies to H&P's Asserted Patents' use of substantially identical claim terms ........ 3

III. NABORS' MOTION SHOULD BE GRANTED ........ 6

A. Legal Standard ........ 6

B. Good Cause Exists to Allow Amendment ........ 7

1. Nabors was diligent in disclosing this invalidity theory shortly after it arose from this Court's Claim Construction Order ........ 7

2. The invalidity ground at issue is critically important to this case ........ 8

3. There is no prejudice to H&P if amendment is allowed ........ 8

4. A continuance is available (although not necessary) ........ 8

IV. CONCLUSION ........ 9

## TABLE OF AUTHORITIES

***Cases***

*Summit 6 LLC v. HTC Corp.*,
2015 WL 11117869, at *4 (N.D. Tex. Jan. 8, 2015) ....................7

***Statutes***

35 U.S.C. § 112 ....................1, 3, 4

***Other Authorities***

Patent Local Rule 3-6 ....................7

Plaintiff Nabors Drilling Technologies USA, Inc. ("Nabors") moves for leave to amend its preliminary invalidity contentions to include an additional invalidity ground based on the Court's recent "Claim Construction Memorandum Opinion and Order[s]" (ECF Nos. 126 & 134) ("Claim Construction Orders").

## I. INTRODUCTION

On May 26, 2022, the Court entered its Claim Construction Order on the disputed claim terms of Nabors' Asserted Patents. ECF No. 126. In this Order, the Court indicated that would "shortly issue a separate order addressing the claim construction disputes covering the patents asserted by H&P.

On August 17, 2022, the Court entered its Claim Construction Order on the disputed claim terms of H&P's Asserted Patents. ECF No. 134.

In construing the disputed terms of the parties' respective, asserted patents, the Court found that claim 20 of Nabors' U.S. Patent No. 10,672,154 ("'154 Patent"), was invalid as indefinite (35 U.S.C. § 112, ¶2) because of its use of the claim term "optimized path." ECF No. 126 at pp. 23-30.

Nabors moves for leave to amend its invalidity contentions to consistently apply the Court's reasoning and construction of "optimized path"[1] to the substantially similar claim terms ("optimal geometric convergence path"/"optimal convergence path") contained in the asserted claims of H&P's U.S. Patent Nos. 9,865,022 and 10,726,506.

The Court should grant Nabors leave to amend for the following reasons:

- Nabors has been diligent in adding this defense. This motion comes 9 days after the Court's completed its claim construction of the parties' respective patents.

[1] '154 Patent at Claim 20 ("indicating an **optimized path** toward the drill plan")

- The importance of this defense cannot be overstated. Based on this Court's prior holdings in relation to Nabors' '154 Patent, every asserted claim in H&P's '022 and '506 patents are invalid. Precluding this defense would open the door to a finding that Nabors infringes an invalid patent, which would be unjust.

- There is no prejudice to H&P if the requested amendment is allowed. Nabors is merely asking for the Court to apply to H&P the same ruling it applied to Nabors. The time-honored expression, "[w]hat is good for the goose is good for the gander," is true. Since Nabors' proposed amendment merely adopts an argument previously made by H&P, it cannot be a surprise to H&P. H&P is not prejudiced by being required to abide by a contention H&P itself argued.

- Substantial development of this case was paused between this Court's claim construction order on Nabors' patents and this Court's recent Claim Construction Order regarding H&P's patents. There has been no significant discovery on invalidity beyond a few document requests and interrogatories. There have been no expert disclosures on invalidity yet, and no depositions on invalidity. If H&P has a response to this contention, H&P has plenty of opportunity to assert it.

- Trial is probably almost a year away.[2] Although there does not appear currently to be any need for continuance, that is possible. This also weighs in favor of allowing this amendment.

## II. BACKGROUND FACTS

### A. This Court's claim construction order found the term "*optimized*" to be indefinite

During claim construction briefing, H&P asserted the "*optimized* path" language in Nabors' '154 Patent was an invalid term of degree.[3] Nabors opposed H&P's contention.[4]

On May 26, 2022, this Court adopted H&P's argument and found the language "*optimized* path" was indefinite:

[T]he Court concludes that the specification of the '154 patent does not inform a

---

[2] ECF No. 136, Order ("the parties shall submit a joint report with proposed trial dates in April, May, June, July, and August 2023 for the Court's consideration.")
[3] ECF No. 92, H&P's Responsive Claim Construction Brief, at pp. 15 - 21.
[4] ECF No. 88, Nabors' Opening Brief, at pp. 22 – 28 and ECF No. 94, Nabors' Reply Brief, at pp. 7 – 13.(Emphasis added).

> POSITA about the scope of 'optimized path' with reasonable certainty. H&P has proven that claim 20 of the '154 patent is indefinite under § 112.[5]

The Court held that "'*optimized* path' must mean something beyond simply a path by which the drill bit can return to the drilling plan" and found there was no "objective guidance to know when this limitation is met."[6]

Explaining further, this Court noted that "the term *'optimized'* is a subjective term of degree, dependent on the characteristic sought to be optimized for any given drill plan."[7] The Court determined that Nabors' '154 Patent failed to answer questions such as "the path is optimized *as to what*?" or "the path is 'best' *in what regard* and *according to whom*?"[8] The Court found fault with Nabors' '154 Patent because "there is no support in the specification establishing any specific criteria–such as efficiency, speed, or length–as optimization parameters, and as Mr. Schaaf opined in his declaration, a path may differ depending on the specific attribute being optimized."[9] The Court concluded that these failures made the "*optimized*" claim phrase an indefinite term of degree under 35 U.S.C. § 112, ¶ 2.

**B. This Court's previous indefiniteness holding under 35 U.S.C. § 112, ¶2 equally applies to H&P's Asserted Patents' use of substantially identical claim terms**

Every asserted independent claim in Motive's U.S. Patent Nos. 9,865,022 ("'022 Patent") and 10,726,506 ("'506 Patent") use the term "*optimal*" in reference to a drill "path" that is to be determined.[10] The following table provides the relevant claim language of the asserted independent claims (emphasis added):

---

[5] ECF No. 126 at p. 30.
[6] *Id.* at p. 28 (emphasis added).
[7] *Id.* at p. 28(emphasis added).
[8] *Id.* at p. 29 (emphasis in original).
[9] *Id.* at p. 29(emphasis added).
[10] *See* Exhibit A (Invalidity Claim Chart for the '022 Patent)(B-8)(emphasis added) and Exhibit B (Invalidity Claim Chart for the '054 Patent)(C-5)(emphasis added)).

| Motive's U.S. Patent No. 9,865,022 | |
|---|---|
| **Claim Element** | **Claim Language** |
| Claim Element 1(e) | determining, by the computer system, an ***optimal*** **geometric convergence path** of the plurality of geometric convergence paths responsive to<br>[1] the offset distance for drilling each of the geometric convergence paths,<br>[2] the drill path curvature associated with each of the geometric convergence paths and<br>[3] the time required for drilling each of the geometric convergence paths … |
| Claim Element 13(e) | determining, by the computer system, an ***optimal*** **geometric convergence path** of the plurality of geometric convergence paths responsive to at least one of<br>[1] the offset distance for drilling each of the geometric convergence paths,<br>[2] the drill path curvature associated with each of the geometric convergence paths and<br>[3] the time required for drilling each of the geometric convergence paths; |

| Motive's U.S. Patent No. 10,726,506 | |
|---|---|
| **Claim Element** | **Claim Language** |
| Claim Element 1(g) | (v) selecting one of the convergence paths as an ***optimal*** **convergence path** based on at least one of<br>[1] the offset distance,<br>[2] the drill path curvature, and<br>[3] the amount of time needed to drill the convergence paths; |

Motive's'506 Patent is a continuation of Motive's '022 Patent and shares the same specification.

H&P's nearly identical patent claim term *"optimal"* is invalid under 35 U.S.C. § 112, ¶ 2 for the same reasons the Court found Nabors' claim term "*optimized*" to be invalid. The body of H&P's independent claims, to borrow this Court's analysis, do not provide any objective guidance regarding exactly what is "*optimal*" about the geometric convergence path.[11] In the context of this

[11] ECF No. 54-2, Motive's '022 Pattent at (13:35 – 46) and (14:52 – 58), and ECF No. 54-3, Motive's '506 Patent at (13:23 – 28).

Court's Claim Construction Order, H&P's independent claims do not answer the questions of "the path is [optimal] *as to what*?" or "the path is 'best' *in what regard* and *according to whom*?"[12]

H&P's identical specifications in the '022 and '506 Patents are also devoid of any meaning for this term. The term "*optimal*" is used only twice in the specifications. First, the term "*optimal*" is used in the Abstract as follows:

> An ***optimal* geometric convergence path** of the plurality of geometric convergence paths is determined responsive to [1] the offset distance for drilling each of the geometric convergence paths, [2] the drill path curvature associated with each of the geometric convergence paths and [3] the time required for drilling each of the geometric convergence paths.[13]

There is no explanation in the patents regarding precisely *how* the "*optimal*" path is "responsive" to the "offset distance," the "drill path curvature," and the "time required for drilling" each path. The use of "and" requires the "*optimal*" path to somehow (exactly how is not defined) relate to all three parameters. As recognized in this Court's Claim Construction Order, this is fundamentally flawed because "[a] path may *differ* depending on the specific attribute being *optimized*."[14]

Second, the term "*optimal*" is used in the description of the invention, where it is identified an "optimal path" as something "that has zero cost and provides maximum value."[15] No details are given on how this "zero cost" or "maximum value" are to be achieved. The '022 and '506 Patents run into the exact same problem identified in the Court's prior Claim Construction Order. The provide no answer to this question: "The path is the 'best' *in what regard and according to whom*?"[16]

---

[12] ECF No. 126, Claim Construction Order at pp. 29 – 30.
[13] ECF No. 54-2, Motive's '022 Patent at *Abstract*; ECF No. 54-3, Motive's '506 Patent at *Abstract*. (Emphasis added).
[14] ECF No. 126, Claim Construction Order at pp. 29 – 30. (Emphasis added).
[15] ECF No. 54-2, Motive's '022 Patent at (2:33 – 35) and ECF No. 54-3, Motive's '506 Patent at (2:29 – 31).
[16] *See* ECF No. 126 at p. 29. (Emphasis in original).

The '022 and '506 Patents do not limit "*optimal*" in terms of optimizing a specific parameter, which this Court held is a required disclosure to keep this term from being indefinite.[17] Indeed, the '022 and '506 Patents leave open infinite possibilities for the "optimal path" – that it may be "defined by a well plan, seismic data, and/or any other information suitable for delineating the path through the formation 102."[18] By saying the optimal path can simply be defined by a "well plan," the '022 and '506 Patents specifically violate this Court's warning that "optimized path' *must mean something beyond* simply a path by which the drill bit can return to the drilling plan."[19] By saying the optimal path can be based on "any other information," the '022 and '506 Patents specifically violate this Court's holding that specific criteria must be stated because "a path may differ depending on the specific attribute being optimized."[20]

H&P's use of "*optimal*" is indefinite for the same reasons the Court's Claim Construction Order found the nearly identical term "*optimized*" indefinite. A consistent finding by the Court in this regard would greatly simplify issues for trial.

## III. NABORS' MOTION SHOULD BE GRANTED

### A. Legal Standard

This Court's Local Patent Rule 3-7(b) permits amendment to a party's preliminary invalidity contentions "by order of the presiding judge upon a showing of good cause." When determining whether good cause exists, the Court should consider four factors: "(1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding

[17] *Id.* (finding Nabors' '156 Patent's reference to "optimized" indefinite because "there is no support in the specification establishing any specific criteria–such as efficiency, speed, or length–as optimization parameters, and as Mr. Schaaf opined in his declaration, a path may differ depending on the specific attribute being optimized.").
[18] '022 Pat. (Doc. 54-2) at 2:50 – 55; '506 Pat. (Doc. 54-3) at 2:47 – 49.
[19] Doc. 126 (Claim Construction Order) at 28 - 30 (emphasis added).
[20] *Id.*(emphasis added).

and the availability of lesser sanctions; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings." *Summit 6 LLC v. HTC Corp.*, 2015 WL 11117869, at *4 (N.D. Tex. Jan. 8, 2015). Here, *all* factors favor allowing Nabors' proposed amendment.

**B. Good Cause Exists to Allow Amendment**

**1. Nabors was diligent in disclosing this invalidity theory shortly after it arose from this Court's Claim Construction Order.**

On May 26, 2022, the Court adopted H&P's argument and found the language "optimized path" in Nabors' '154 Patent to be indefinite.[21] Nabors' new invalidity ground arose with this holding. The Patent Local Rules allow new invalidity theories as a matter of course (without the need to show good cause) up to 50 days after a *Markman* order.[22] There have been two separate *Markman* orders - the second of which was handed down on August 17, 2022. Nabors is requesting leave a few days after the *Markman* orders were finalized, which should be viewed as *per se* diligent.

H&P recently moved for leave to amend its own invalidity contentions to add an additional prior art reference and add <u>multiple</u> new invalidity theories based on the reference.[23] H&P's motion was filed based on a prior art reference H&P asserts has been publicly available for many years, and H&P asserted good cause existed for it to add this reference <u>55 days</u> after the deadline for invalidity contentions (an assertion Nabors agreed not to oppose).[24] It is disingenuous for H&P to now assert Nabors has not been diligent for requesting leave based on a similar timetable.

---

[21] ECF No. 126, Claim Construction Order at pp. 28 – 31.
[22] Patent Local Rule 3-6.
[23] ECF No. 124.
[24] ECF No. 124. The deadline for initial invalidity contentions was March 24, 2021. ECF No. 62.

**2. The invalidity ground at issue is critically important to this case.**

One of Nabors' primary defenses is the invalidity of H&P's asserted patents.[25] As described in the background facts section above, this Court's reasoning for finding "*optimized*" invalid in Nabors' '154 Patent squarely applies to finding H&P's nearly identical use of "*optimal*" which is, under the same analysis, also invalid. The importance of this invalidity ground, coupled with the great prejudice to Nabors resulting from its exclusion, weighs heavily in favor of finding good cause is present.

**3. There is no prejudice to H&P if amendment is allowed.**

H&P will suffer no prejudice if the requested amendment is allowed. The Court's Claim Construction Orders were recently issued. In the months since the Court's first Claim Construction Order (ECF No. 126), there has been little substantive progress in the case. Under the Northern District's model patent scheduling order, fact discovery does not close until approximately 120 days after the Court's *Markman* order (ECF No. 134, August 17, 2022) and invalidity expert disclosures are due an additional 30 days after the close of fact discovery.[26] There is more than enough time for H&P to prepare a response to this defense if one exists.

H&P should not be surprised by Nabors' proposed amendment. The amendment adopts the exact same contention previously advanced by H&P.[27] H&P cannot be prejudiced by abiding by an argument it made in court victoriously.

**4. A continuance is available (although not necessary).**

Since the end of fact and expert discovery is still many months away, no continuance appears necessary if the Court grants Nabors' request for leave. However, if H&P wants a

---

[25] ECF No. 59 at ¶¶ 296 and 317-321.
[26] ECF No. 73 at pp. 4 – 5.
[27] ECF No. 92, H&P's Responsive Claim Construction Brief at pp. 15 - 21.

continuance, there is still plenty of time for H&P to seek one without prejudicing either party.

## IV. CONCLUSION

For the foregoing reasons, Nabors respectfully requests leave to amend its preliminary invalidity contentions to add one new invalidity ground based on this Court's prior Claim Construction Order regarding the use of the claim term "optimal" in H&P's '022 and '506 Patents.

Date: August 26, 2022

Respectfully submitted,

**RALEY & BOWICK, LLP**

*/s/ John Wesley Raley*
JOHN WESLEY RALEY
ROBERT M. BOWICK
RALEY & BOWICK, LLP
1800 Augusta Drive, Suite 300
Houston, TX 77057
713-429-8050 (telephone)
713-429-8045 (facsimile)
Email: jraley@raleybowick.com
rbowick@raleybowick.com

**COOPER & SCULLY, P.C.**

*/s/ John A. Scully*
John A. Scully
COOPER & SCULLY, P.C.
Founders Square
900 Jackson Street, Ste. 100
Dallas, Texas 75202
Telephone: (214) 712-9503
Email: john.scully@cooperscully.com

**ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT NABORS DRILLING TECHNOLOGIES USA, INC.**

## CERTIFICATE OF CONFERENCE

The undersigned attorney certifies that on August 25, 2022 he conferred with counsel for H&P, and they indicated they were opposed to the relief requested in this Motion.

*/s/ John Wesley Raley*
**John Wesley Raley**

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 26, 2022, this document was served on all counsel of record through the Court's ECF/PACER filing system.

*/s/ John Wesley Raley*
**John Wesley Raley**