**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

NABORS DRILLING TECHNOLOGIES USA, INC.,

Plaintiff,

vs.

HELMERICH & PAYNE INT'L. DRILLING CO.; HELMERICH & PAYNE TECHNOLOGIES, LLC; AND MOTIVE DRILLING TECHNOLOGIES, INC.

Defendants.

Civil Action No. 3:20-cv-03126-M

**PLAINTIFF NABORS DRILLING TECHNOLOGIES USA, INC'S REPLY IN SUPPORT OF ITS OPPOSED MOTION FOR LEAVE TO AMEND ITS PRELIMINARY INVALIDITY CONTENTIONS BASED ON THE COURT'S CLAIM CONSTRUCTION ORDERS**

# TABLE OF CONTENTS


TABLE OF CONTENTS .................................................................................................... ii

TABLE OF AUTHORITIES ........................................................................................ iii, iv

I. INTRODUCTION ...................................................................................................1

II. NABORS' MOTION SHOULD BE GRANTED.............................................................2

A. H&P does not consider the proper legal standard, which provides that leave should be freely given based on claim construction orders.............................................................2

B. This Court should not prevent Nabors from filing its new invalidity contention..........4

C. Nabors' amendment is important..........................................................................4

D. There is no need to redo claim construction and no prejudice to H&P .........................6

III. CONCLUSION.......................................................................................................8

# TABLE OF AUTHORITIES

***Cases***

*Albritton v. Acclarent, Inc.*,
No. 3:16-CV-03340-M, 2019 WL 13026864, at *2 (N.D. Tex. Apr. 5, 2019) ....................3

*BookIT Oy Ajanvarauspalvelu v. Bank of Am. Corp.*,
No. 3:17-CV-2577-K, 2019 WL 13156601, at *3 (N.D. Tex. Feb. 11, 2019) ....................3

*CommScope Techs. LLC v. Dali Wireless, Inc.*,
No. 3:16-CV-0477-M, 2018 WL 4566130, at *3 (N.D. Tex. Sept. 21, 2018)....................3

*Fifty-Six Hope Rd. Music, Ltd. v. Kokeb Printing*,
No. CIV. 05CV1226-L(CAB), 2007 WL 433195, at *2 (S.D. Cal. Jan. 26, 2007), at *2 (S.D. Cal. Jan. 26, 2007)....................7

*iLife Techs., Inc. v. Nintendo of Am., Inc.*,
No. 3:13-CV-4987-M, 2020 WL 13281800, at *1 (N.D. Tex. Jan. 17, 2020), aff'd, 839 Fed. Appx. 534 (Fed. Cir. 2021), cert. denied, 211 L. Ed. 2d 32, 142 S. Ct. 109 (2021)....6

*Lighting Ballast Control, LLC v. Philips Elecs. N. Am. Corp.*,
No. 7:09-CV-29-O, 2011 WL 13128125, at *1 (N.D. Tex. May 4, 2011)....................6

*Magna Group, Inc. v. Gordon Floor Covering, Inc.*,
No. CIV. A. 3-99-CV-1926, 2000 WL 547098, at *3 (N.D. Tex. May 4, 2000) ....................3

*Mannatech, Inc. v. Glycobiotics Int'l, Inc.*,
No. 3-06-CV-0471-BD, 2007 WL 4386244, at *1 (N.D. Tex. Dec. 14, 2007)....................6

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
572 U.S. 898 at 902 (2014)....................5

*Smith v. Sanders*,
No. 3:12-CV-4377-M, 2020 WL 3260489, at *4 (N.D. Tex. May 19, 2020) ....................7

*Sonix Tech. Co., Ltd. v. Publications Int'l, Ltd.*,
844 F.3d 1370, 1377 (Fed. Cir. 2017)....................4

*Sotera Wireless, Inc. v. Masimo Corp.*,
IPR2020-01019, Paper 12, 19 (Dec. 1, 2020)....................1, 7

***Other Authorities***

Patent Local Rule 3-6....................1, 2

Patent Local Rule 3-6 (a) ....................2

Patent Local Rule 3-6 (b) ........................................................................ 2

Patent Local Rule 3-7 ........................................................................ 2, 3

Plaintiff Nabors Drilling Technologies USA, Inc. ("Nabors") files this reply in support of its motion for leave to amend its preliminary invalidity contentions (ECF No. 140) to include an additional invalidity ground based on the Court's recent "Claim Construction Memorandum Opinion and Order[s]" (ECF Nos. 126 & 134).

## I. INTRODUCTION

H&P's response does not address the proper legal standard, which is provided by Local Patent Rule 3-6. Rule 3-6 allows amendment of invalidity contentions based on claim construction rulings.

H&P asserts that Nabors should have raised its amended invalidity defense as part of its initial invalidity contentions and claim construction briefing. This would have required Nabors to destroy its own patent by admitting its similar language was invalid. The rules do not require that, for good reason.

H&P's twenty page response is, itself, evidence of how important this issue is. Further, H&P's prior claim construction brief cited several opinions about patents with "optimized" type language - which H&P used to support its argument "optimized path" was indefinite. The same logic applies now. A finding in this Court that Nabors' patent is indefinite for naming multiple parameters that can be used to determine an "optimized" path must equally apply to Motive's patents, which also name multiple parameters that can be used to determine an "optimal" path.

The invalidity grounds presented at trial will be limited because of a *Sotera* stipulation in the co-pending IPR, which prevents presentation in this Court of prior art brought, or that could have been brought, during the IPR. Adding one small invalidity defense rooted in an argument originally proposed by H&P is not going to change the course of this case.

## II. NABORS' MOTION SHOULD BE GRANTED

### A. H&P does not consider the proper legal standard, which provides that leave should be freely given based on claim construction orders.

H&P's primary argument is that leave should not be granted under Local Patent Rule 3-7, because it does not expressly allow for leave based on a *Markman* ruling.[1] However, Rule 3-7's list of examples for when good cause is present is not a closed-ended list. This rule can and should apply to *Markman* rulings that change the law of a case.

Importantly, Local Patent Rule 3-6 (b) (emphasis added) states:

> (b) Within 50 days from the date the presiding judge's claim construction ruling is filed, each party opposing a claim of patent infringement may serve its final invalidity contentions without leave of court that amend its preliminary invalidity contentions with respect to the information required by paragraph 3-3 if: (1) a party claiming patent infringement has served its final infringement contentions under paragraph 3-6(a); or the party opposing a claim of patent infringement believes in good faith that the presiding judge's claim construction ruling so requires.

As demonstrated in Nabors' motion, Rule 3-6(b) allows for the amendment in this case because Nabors' amended invalidity ground relies *solely* on the Court's Claim Construction Order, which makes it an amendment this Court's "claim construction ruling so requires." Indeed, according to the rule, Nabors should be allowed to file its proposed amendment as a matter of course even without leave of this Court.

Nabors' motion cited Rule 3-6 (b) as applicable law,[2] but H&P's response chose only to briefly address this Rule in a footnote.[3] H&P's footnote argues Rule 3-6(b) does not apply because: (1) the 50-day deadline to amend started from the issuance of the first claim construction

---

[1] ECF No. 149 at 1 – 20.

[2] ECF No. 140 at 7 ("The Patent Local Rules [citing Patent Local Rule 3 – 6 in the footnote] allow new invalidity theories as a matter of course (without the need to show good cause) up to 50 days after a *Markman* order.").

[3] ECF No. 149 at f.n. 3 (p. 13 – 14).

order, and (2) the Court's *Markman* ruling was expected.[4] Neither argument is correct.

Nabors served its amended invalidity contentions within 50 days of this Court's second claim construction ruling (ECF No. 134). Since *Markman* was not final until the second order was signed, that is when the 50-day deadline should begin. Avoiding piecemeal litigation is an important goal. *See Magna Group, Inc. v. Gordon Floor Covering, Inc.*, No. CIV. A. 3-99-CV-1926, 2000 WL 547098, at *3 (N.D. Tex. May 4, 2000).

In the alternative, under Rule 3-7 good cause exists to allow the amended invalidity contention. It was served a little over a month after 50 days from the first *Markman* order. During that time, the parties were waiting on the second *Markman* order and no scheduling order was in place.

H&P's cited cases all deal with a party losing a claim construction argument regarding a term and then seeking an amendment relating to the term it lost on.[5] *See, e.g.,Albritton v. Acclarent, Inc.,* No. 3:16-CV-03340-M, 2019 WL 13026864, at *2 (N.D. Tex. Apr. 5, 2019). Nabors never made any prior arguments about H&P's "optimal … path" terms; thus, Nabors never lost any claim construction arguments relating to them.[6] As discussed in more detail in the next section, it would be tremendously unjust to have expected Nabors to try to ruin one of its own patents by agreeing with H&P's position that the '154 Patent's "optimized"

---

[4] *See* ECF No. 149 at f.n. 3 (citing *Albritton v. Acclarent, Inc.*, No. 3:16-CV-03340-M, 2019 WL 13026864, at *2 (N.D. Tex. Apr. 5, 2019); *CommScope Techs. LLC v. Dali Wireless, Inc.*, No. 3:16-CV-0477-M, 2018 WL 4566130, at *3 (N.D. Tex. Sept. 21, 2018); *BookIT Oy Ajanvarauspalvelu v. Bank of Am. Corp.*, No. 3:17-CV-2577-K, 2019 WL 13156601, at *3 (N.D. Tex. Feb. 11, 2019)).

[5] *See* ECF No. 149 at f.n. 3 (citing *Albritton*, 2019 WL 13026864 at *2; *CommScope Techs. LLC v. Dali Wireless, Inc.*, No. 3:16-CV-0477-M, 2018 WL 4566130, at *3 (N.D. Tex. Sept. 21, 2018); *BookIT Oy Ajanvarauspalvelu v. Bank of Am. Corp.*, No. 3:17-CV-2577-K, 2019 WL 13156601, at *3 (N.D. Tex. Feb. 11, 2019)).

[6] *See* ECF Nos. 91 and 134.

language was indefinite.

**B. This Court should not prevent Nabors from filing its new invalidity contention**

According to H&P, when H&P asserted the term "optimized path" in Nabors' '154 Patent was indefinite, Nabors should have agreed with them, sacrificing Nabors' '154 Patent in order to assert the similar terms "optimal … path" terms in Motive's '022 and '506 patents were indefinite. Nabors' arguments that the '154 Patent's "optimized path" term was not an indefinite term of degree were briefed to this Court.[7] H&P's use of nearly identical language ("optimal … path") in its '022 and '506 patents is proof that this term understood was in the art. *See, e.g., Sonix Tech. Co., Ltd. v. Publications Int'l, Ltd.*, 844 F.3d 1370, 1377 (Fed. Cir. 2017). This suggested that the references to optimizing were valid in both Nabors' and Motive's patents. It would be tremendously unjust to require litigants to sacrifice their presumably valid patents.

The ruling by this Court that the "optimized" terms in Nabors' '154 Patent are invalid is now the law of the case. This is the first time Nabors has been required to assert this law of the case against Motive's patents. It would be unjust to deny Nabors an amended contention made necessary by this Court's order.

**C. Nabors' amendment is important**

Nabors did not oppose H&P's request to amend its invalidity contentions.[8] H&P's refusal to extend a similar courtesy, coupled with its action of filing a twenty page response in opposition instead, is evidence of the importance of Nabors' amended invalidity contention.

H&P's response asserted language that "Nabors fundamentally misunderstands indefiniteness" because "indefiniteness is based on the claims, specifications, and prosecution

[7] ECF No. 88, Nabors' Opening Brief, at p. 22 – 28 and ECF No. 94, Nabors' Reply Brief, at p. 7 – 13.

[8] ECF No. 124.

history ***of the relevant patent(s) in which the term at issue is recited***."[9] Thus, according to H&P's response, the construction of a term in the '154 Patent is not relevant to the construction of similar terms in Motive's '022 and '506 Patents.[10] This is an interesting position for H&P to take, because it told the Court the exact opposite was true in its claim construction briefing about the '154 Patent:

> The Federal Circuit and other district courts have found similar terms involving "optimized" elements (such as "optimize end-user quality of service (QoS)") to be indefinite subjective terms of degree where, as here, the specification and file history fail to provide objective boundaries to the optimize term.

ECF No. 92 at 19 – 20 (string citing several cases with unrelated patents that found the term "optimized" to be indefinite). H&P cannot have it both ways.

Further, H&P's response admits: "Importantly, the asserted claims of the '022 and '506 Patents specifically recite the objective criteria used to determine what is the 'optimal [geometric] convergence path': offset distance, drill path curvature, ***and*** the amount of time needed to drill the convergence paths."[11] It is this exact use of the conjunction "and" in a list of three different types of optimization criteria (meaning all three have to be included at the same time) that makes these claims invalid under this Court's recent Claim Construction Order. This Court's Claim Construction Order explained the term "optimized" was indefinite because it is "dependent on the characteristic sought to be optimized for any giving drill plan" and "a path may differ depending on the specific attribute being optimized."[12] H&P's patents cannot validly combine three independent and different criteria to be optimized at the same time. It was required to pick one - or use the conjunction "or" to indicate any one of the three listed.

If H&P's other arguments are adopted, this Court should overturn its holding that the '154

---

[9] ECF No. 149 at 15 (emphasis in original)(citing *Nautilus*, 572 U.S. at 902).
[10] ECF No. 149 at 15.
[11] ECF No. 149 at 15 -1 6 (emphasis added).
[12] ECF No. 126 at 28 – 30.

Patent's use of optimized is indefinite. H&P asserts Nabors cannot win its amended invalidity ground, because H&P's patent describes optimization parameters.[13] Nabors' '154 Patent does exactly the same thing, so its claims must be also valid under this theory.[14] H&P argues that because Nabors filed IPRs on Motive's '022 and '506 Patents, it must have understood these terms.[15] If so, H&P filed an IPR on Nabors' '154 Patent, so it equally must have understood its use of "optimized."[16].

**D. There is no need to redo claim construction and no prejudice to H&P**

Indefiniteness is a matter of law issue, which is routinely decided by this Court by means of a motion. *See, e.g., iLife Techs., Inc. v. Nintendo of Am., Inc.,* No. 3:13-CV-4987-M, 2020 WL 13281800, at *1 (N.D. Tex. Jan. 17, 2020), aff'd, 839 Fed. Appx. 534 (Fed. Cir. 2021), cert. denied, 211 L. Ed. 2d 32, 142 S. Ct. 109 (2021); *Mannatech, Inc. v. Glycobiotics Int'l, Inc.,* No. 3-06-CV-0471-BD, 2007 WL 4386244, at *1 (N.D. Tex. Dec. 14, 2007); *Lighting Ballast Control, LLC v. Philips Elecs. N. Am. Corp.*, No. 7:09-CV-29-O, 2011 WL 13128125, at *1 (N.D. Tex. May 4, 2011). H&P has now filed over 75 pages of briefing on three motions it filed. It knows how to file a motion. There is no need for more discovery, *Markman* briefing, or an oral hearing on this issue.

H&P argues that the amended contention will waste time because it is "fruitless."[17] The contention is rooted in the exact same indefiniteness argument H&P advanced and won in relation to the '154 Patent.[18] Further, Motive's '022 and '506 patents do not limit the optimal path to one

[13] ECF No. 149 at 15 – 17.
[14] *See* ECF No. 94 at 9 – 10 (citing '154 Patent at 10:20 – 50)(showing specific examples of specific parameters that can be used to optimize the path).
[15] ECF No. 149 at 17.
[16] ECF No. 84 (H&P Notice to the Court of Filing IPR Petition on '154 Patent on June 11, 2021).
[17] ECF No. 149 at pp. 19 – 20.
[18] ECF No. 92 at pp. 15 – 21.

specific parameter as this Court's Claim Construction Order said is required for this type of claim language to be definite.[19]

This Court heavily favors deciding issues on the merits, not summarily dismissing them based on procedure. *Smith v. Sanders*, No. 3:12-CV-4377-M, 2020 WL 3260489, at *4 (N.D. Tex. May 19, 2020), report and recommendation adopted, No. 3:12-CV-4377-M, 2020 WL 3259391 (N.D. Tex. June 15, 2020)("In view of these considerations and the strong policy in favor of decisions on the merits, default judgment is unwarranted."); *Fifty-Six Hope Rd. Music, Ltd. v. Kokeb Printing*, No. CIV. 05CV1226-L(CAB), 2007 WL 433195, at *2 (S.D. Cal. Jan. 26, 2007)("The strong policy underlying the Federal Rules of Civil Procedure favor decisions on the merits."). Nabors agreed not to oppose H&P's motion to amend its invalidity contentions to add a completely new prior art reference and several amended invalidity grounds.[20] H&P plainly does not believe that what is good for the goose is good for the gander.

Finally, the Parties entered into a *Sotera* stipulation in the co-pending IPR proceedings.[21] This stipulation prohibits Nabors from asserting prior art in this Court that was raised in the IPR or that could have been reasonably raised in the IPR.[22] This means there will be very limited invalidity grounds asserted compared to normal patent cases. Adding one small indefiniteness ground at this stage is not going to delay anything or prejudice H&P's ability to prepare for trial.

---

[19] *See* ECF No. 140 at 3- 6.

[20] ECF No. 124.

[21] Exhibit C (PTO Memo)(citing *Sotera Wireless, Inc. v. Masimo Corp.*, IPR2020-01019, Paper 12, 19 (Dec. 1, 2020) (precedential) (petitioner's stipulation "mitigates any concerns of duplicative efforts between the district court and the Board, as well as concerns of potentially conflicting decisions").

[22] *Id.*

## III. CONCLUSION

For the reasons in Nabors motion and this reply, Nabors respectfully requests leave to amend its preliminary invalidity contentions to add one amended invalidity ground based on this Court's prior Claim Construction Order regarding the use of the claim term "optimal" in H&P's '022 and '506 Patents.

Date: September 30, 2022

Respectfully submitted,

**RALEY & BOWICK, LLP**

*/s/ John Wesley Raley*
JOHN WESLEY RALEY
ROBERT M. BOWICK
RALEY & BOWICK, LLP
1800 Augusta Drive, Suite 300
Houston, TX 77057
713-429-8050 (telephone)
713-429-8045 (facsimile)
Email: jraley@raleybowick.com
rbowick@raleybowick.com

**COOPER & SCULLY, P.C.**

*/s/ John A. Scully*
John A. Scully
COOPER & SCULLY, P.C.
Founders Square
900 Jackson Street, Ste. 100
Dallas, Texas 75202
Telephone: (214) 712-9503
Email: john.scully@cooperscully.com

**ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT NABORS DRILLING TECHNOLOGIES USA, INC.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 30, 2022, this document was served on all counsel of record through the Court's ECF/PACER filing system.

*/s/ John Wesley Raley*
**John Wesley Raley**