IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NABORS DRILLING TECHNOLOGIES USA INC, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. 3:20-cv-03126-M |
| HELMERICH & PAYNE INTERNATIONAL DRILLING CO, et al., | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Leave to Amend Preliminary Invalidity Contentions, filed by Plaintiff and Counter-Defendant Nabors Drilling Technologies USA, Inc. ("Nabors"). ECF No. 140. For the following reasons, the Motion is **DENIED**.

### I.   BACKGROUND

This is a patent infringement lawsuit between two providers of drilling services in the oil and gas industry. Nabors and Defendants and Counter-Claimants Helmerich & Payne International Drilling Co., Helmerich & Payne Technologies LLC, and Motive Drilling Technologies, Inc. (collectively, "H&P") each assert patents generally relating to systems and methods for computerized drilling control and rotary steerable systems.[1]

---

[1] Nabors asserts that H&P infringes certain claims of seven asserted patents. U.S. Patent No. 7,802,634 ("the '634 Patent"), U.S. Patent No. 7,823,655 ("the '655 Patent"), U.S. Patent No. 7,860,593 ("the '593 Patent"), U.S. Patent No. 8,360,171 ("the '171 Patent"), U.S. Patent No. 8,510,081 ("the '081 Patent"), U.S. Patent No. 8,528,663 ("the '663 Patent"), and U.S. Patent No. 10,672,154 ("the '154 Patent") (collectively, the "Nabors asserted patents"). H&P asserts that Nabors infringes certain claims of four asserted patents, all assigned to Defendant Motive Drilling Technologies, Inc. U.S. Patent No. 8,210,283 ("the '283 Patent"), U.S. Patent No. 9,865,022 ("the '022 Patent"), U.S. Patent No. 10,726,506 ("the '506 Patent"), and U.S. Patent No. 10,208,580 ("the '580 Patent") (collectively, the "Motive asserted patents").

On May 26, 2022, the Court issued its claim construction order as to the Nabors asserted patents. ECF No. 126. The Court concluded, in part, that claim 20 of the '154 patent is indefinite under 35 U.S.C. § 112 because of the inclusion of the term "optimized path." ECF No. 126 at 31. The Court made this decision after analyzing the claim language, the specification of the '154 patent, and the parties' extrinsic evidence, including opinions from the parties' respective experts. *Id.* at 25–31. On August 17, 2022, the Court issued its claim construction order as to the Motive asserted patents, including the '022 and '506 patents. ECF No. 134.

Nabors now moves to amend its preliminary invalidity contentions as to certain Motive asserted patents, namely the '022 and '506 patents.

## II. LEGAL STANDARD

Local Patent Rule 3-3 provides that preliminary invalidity contentions must be served within 45 days from the date infringement contentions are served. "Each party's preliminary infringement contentions and preliminary invalidity contentions will be deemed to be that party's final contentions." Local Patent Rule 3-6. "The purpose of this structure is to streamline the discovery process by narrowing the issues for claim construction and trial." *Summit 6 LLC v. HTC Corp.,* No. 7:14-CV-00014-O, 2015 WL 11117869, at *1 (N.D. Tex. Jan. 8, 2015). However, within 50 days from the date the claim construction order is filed, final invalidity contentions may be served without leave of court if (1) "a party claiming patent infringement has served its final infringement contentions," or (2) "the party opposing a claim of patent infringement believes in good faith that the presiding judge's claim construction ruling so requires." Local Patent Rule 3-6.

Apart from these two exceptions, the Local Patent Rules provide that "[a]mendment of preliminary or final invalidity contentions . . . may be made only by order of the presiding judge

upon a showing of good cause." Local Patent Rule 3-7. "Good cause . . . may include newly discovered instrumentalities, newly discovered bases for claiming infringement, or newly discovered prior art references." *Id.* A party seeking amendment of its preliminary invalidity contentions must state "that the newly discovered instrumentalities, newly discovered bases for claiming infringement, or newly discovered prior art references were not known to that party prior to the motion despite diligence in seeking out the same." *Id.*

"[U]nlike the liberal policy for amending pleadings, the philosophy behind amending claim charts . . . is decidedly conservative." *Genetech, Inc. v. Amgen, Inc.*, 289 F.3d 761, 774 (Fed. Cir. 2002). "Good cause," according to the Federal Circuit, "requires a showing of diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). "The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence." *Id.*

Courts generally have broad discretion to grant untimely motions to supplement invalidity or infringement contentions, but in exercising that discretion, four factors are typically considered: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *Mobile Telecomms., Techs., LLC v. Blackberry Corp.*, 3:12-CV-1652-M, 2015 WL 12698061, at *1 (N.D. Tex. May 19, 2015) (Lynn, J.).

### III.   ANALYSIS

Nabors seeks leave to amend its preliminary invalidity contentions to add an invalidity theory that claims in Motive's '022 and '506 patents containing the phrase "optimal . . . path" are indefinite in light of the Court's construction of "optimized path" as indefinite in Nabors's '154

patent. ECF No. 140. Specifically, Nabors contends that, as with the '154 patent, the "optimal . . . path" claim terms in the '022 and '506 patents lack any objective guidance as to what is "optimal" about the claimed path, and that the Court's reasoning for finding "optimized path" indefinite in Nabors's '154 patent "squarely applies" to Motive's '022 and '506 patents. *Id.* at 7–9, 10–11.

Nabors appears to seek leave to amend to assert this new invalidity theory regarding Motive's '022 and '506 patents under both Local Patent Rules 3-6(b) and 3-7(b). ECF No. 140 at 9; ECF No. 153 at 6–7. Regarding Rule 3-6(b), Nabors's motion was not filed within 50 days of the Court's May 26, 2022, claim construction order that Nabors identifies as the basis for its requested amendment, and thus amendment under Rule 3-6(b) is not available. *See* ECF No. 140 at 10 ("On May 26, 2022, the Court . . . found the language "optimized path" in Nabors' '154 Patent to be indefinite. Nabors' new invalidity ground arose with this holding.").

In the alternative, Nabors argues that there is "good cause" to permit amendment under Rule 3-7(b). The Court disagrees. Rule 3-7(b) permits amendment in a very limited set of circumstances, namely if the movant establishes good cause, which "may include newly discovered instrumentalities, newly discovered bases for claiming infringement, or newly discovered prior art references." Nothing in Rule 3-7(b) contemplates that good cause includes the circumstances presented here, *i.e.*, an accused infringer who seeks to amend its invalidity contentions for patents asserted against it, based on the Court's claim construction order construing language in the accused infringer's own, unrelated patent. Nabors points to nothing that was purportedly "newly discovered" or unavailable when it filed its preliminary invalidity contentions, such that it was unable to include at that time its new theory that claims in the '022 and '506 patents are indefinite based on "optimal . . . path" language.

4

Furthermore, Nabors has not established good cause exists to amend based on the four-factor inquiry. As to the first factor, Nabors contends that it was diligent in seeking leave to amend its invalidity contentions, because it moved to amend a few days after the Court's *Markman* orders were "finalized" on August 17, 2022, *i.e.*, after the Court issued its second claim construction order regarding the Motive asserted patents. ECF No. 140 at 10. However, Nabors concedes that its new invalidity theory arose with the Court's May 26, 2022, claim construction order as to the Nabors asserted patents. *Id.* Thus, Nabors is seemingly arguing that, although it knew of the purported grounds for amending by May 26, 2022, it was still diligent despite waiting three months before moving to amend because the Court had not yet issued its claim construction order as to the Motive asserted patents. Even if the Court assumes that Nabors could not have made the proposed amendment prior to the May 26, 2022, claim construction order, Nabors provides no explanation for the three-month delay in moving to amend. Such delay weighs against a finding of good cause.

Moreover, the Court is not convinced that Nabors was unable to have included its proposed new indefiniteness theory as to the Motive asserted patents containing the "optimal . . . path" language in its preliminary invalidity contentions. The Court notes that, in its preliminary invalidity contentions, Nabors identified fifteen *other* claim terms in the '022 and '506 patents it contended were indefinite. *See* ECF No. 150 at App. 0077–84. Moreover, as to the '022 patent, Nabors initially identified two terms containing "optimal geometric convergence path" language as proposed terms for claim construction, but later withdrew those terms. *Id.* at App. 0086, 105. At the same time, H&P had identified "optimized path" in claim 20 of Nabors's '154 patent as a term that it sought construction of as potentially indefinite. *Id.* at App. 0124.

5

Nabors provides no reason as to why it was unable to have similarly pursued an indefiniteness theory for the "optimal . . . path" terms in the '022 and '506 patents earlier.

Nabors fairly characterizes the Court's holding regarding the '154 patent as "law of the case" (ECF No. 153 at 8), but its proposed application of this supposed law of the case in this context is misguided; in concluding that claim 20 of the '154 patent is indefinite under § 112 because of the inclusion of the term "optimized path," the Court did not hold that *all* claim terms involving "optimizing" language are indefinite, but instead, reached that conclusion after careful consideration of the claim language, the specification and intrinsic evidence, the extrinsic evidence, the parties' briefing, and arguments made during the *Markman* hearing. Indeed, as recognized in the claim construction order, the inclusion of an optimization parameter in a claim does not necessarily render it indefinite, provided that the characteristic being optimized is defined or known, or the specification provides guidance on the criteria to be evaluated. *See* ECF No. 126 at 30 (citing cases).

In effect, Nabors seeks to amend its invalidity contentions for the '022 and '056 patents so as to redo claim construction and take advantage of the Court's finding of indefiniteness as to a completely unrelated patent. This is contrary both to the law of claim construction and the purpose of local patent rules to streamline the discovery process by narrowing the issues for claim construction and trial. *See Summit 6*, 2015 WL 11117869, at *1. For this reason, the Court finds that the third and fourth elements of the good cause inquiry—potential prejudice and availability of a continuance—weigh against amendment.

The remaining element, importance of the amendment, weighs neither for nor against amendment. Although a viable invalidity theory is arguably important in defending a claim of patent infringement, Nabors has identified no reason why it could not have included this theory

earlier; accordingly, if the proposed amendment is as important as Nabors contends, it should have been made earlier.

## IV. CONCLUSION

For the foregoing reasons, Nabors's Motion for Leave to Amend Preliminary Invalidity Contentions is **DENIED.**

**SO ORDERED**.

March 27, 2023.

                                    BARBARA M. G. LYNN
                                    UNITED STATES DISTRICT JUDGE